UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DEANDRE HARRIS,** <br> 14423 TOKAY AVENUE <br> MAPLE HEIGHTS, OHIO 44137, | : <br> : <br> : | CASE NO. 2:08 CV 711 <br><br> JUDGE |
| PLAINTIFF, | : <br> : | MAGISTRATE JUDGE |
| -V- | : <br> : | CIVIL COMPLAINT FOR INJUNCTIVE <br> AND DECLARATORY RELIEF AND |
| **THOMAS STICKRATH, IN HIS INDIVIDUAL** <br> AND OFFICIAL CAPACITIES, <br> 51 NORTH HIGH STREET <br> COLUMBUS, OHIO 43215, AND | : <br> : <br> : <br> : | COMPENSATORY AND PUNITIVE <br> DAMAGES <br><br> JURY DEMAND ENDORSED HEREON |
| **PAUL WARYE, IN HIS INDIVIDUAL AND** <br> OFFICIAL CAPACITIES, <br> 397 MARION WILLIAMSPORT RD WEST <br> MARION, OHIO 43302, AND | : <br> : <br> : <br> : | |
| THE FOLLOWING IN THEIR INDIVIDUAL <br> AND OFFICIAL CAPACITIES: | : <br> : | |
| **GLENN VANDINE AND** <br> **BRIAN LANE AND** <br> **EVAN SHAW AND** <br> **ANNIE GLASS AND** <br> **ANTOINETTE HAMPTON** <br> 332 MARION-WILLIAMSPORT ROAD EAST <br> MARION, OHIO 43302, | : <br> : <br> : <br> : <br> : <br> : | |
| DEFENDANTS. | : | |

1. This is a civil rights action under 42 U.S.C. § 1983 on behalf of Deandre Harris, alleging a violation of constitutional and other rights, and supplemental claims, all related to the September 21, 2007, physical assault upon him by an inmate at the Marion Juvenile Correctional Facility, from which various members of the Ohio Department of Youth Services failed to protect him. The complaint seeks declaratory and injunctive relief and compensatory and

punitive damages. Each paragraph herein incorporates all other paragraphs without specific restatement.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Claims 1 and 2 pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over Claims 3 and 4 pursuant to 28 U.S.C. §§ 1367.

4. Venue is proper in the Eastern District of the Southern Division of Ohio pursuant to 28 U.S.C. § 1391 and Local Rule 82.1 because some of the defendants reside in Franklin County, Ohio.

## PARTIES

5. Deandre Harris, the plaintiff herein, was in December 2007 a youth inmate residing in the 5B Unit of the Marion Juvenile Correctional Facility, situated in Marion County, Ohio. Plaintiff Harris currently resides in Maple Heights, Ohio.

6. Defendant Thomas Stickrath was at all times relevant herein the Director of the Department of Youth Services, which operates the Marion Juvenile Correctional Facility.

7. Defendant Paul Warye was at all times relevant herein the Superintendent of the Marion Juvenile Correctional Facility.

8. Defendant Glenn VanDine was at all times relevant herein a Unit Manager at the Marion Juvenile Correctional Facility.

9. Defendant Brian Lane was at all times relevant herein a Unit Manager at the Marion Juvenile Correctional Facility.

10. Defendant Shaw was at all times relevant herein a Unit Manager at the Marion Juvenile Correctional Facility.

11. Defendant Annie Glass was at all times relevant herein a Juvenile Corrections Officer at the Marion Juvenile Correctional Facility.

12. Defendant Antoinette Hampton was at all times relevant herein a Juvenile Corrections Officer at the Marion Juvenile Correctional Facility.

13. All Defendants are sued in their individual and official capacities, as specified in the caption of the complaint.

14. At all relevant times, the Defendants were acting under color of state law.

## FACTS

15. The defendants, officials or entities of the State of Ohio, were in charge of the care and custody of Deandre Harris during December 2007. As a youth prisoner, they owed him a special duty of care for his well-being.

16. On December 5, 2007, Defendants Glass and Hampton were the Juvenile Correctional Officers assigned to Unit 5B during second shift.

17. At approximately 7:15pm, Defendant Hampton escorted several youth to the Medline to receive their medications, leaving Defendant Glass as the only JCO on the unit.

18. At approximately 7:24pm, Plaintiff Harris entered the group room, where several youth were spending their free time unsupervised.

19. Defendants Glass and Hampton contravened policy by allowing youth to be unsupervised in the group room, particularly youth who had not achieved a high privilege level.

20. After Plaintiff Harris entered the group room, Defendant Glass sat at a table approximately ten feet from the JCO podium, where she should have been stationed. Had she been at the JCO podium, Defendant Glass would have been approximately five feet from the following events. However, even at her side table, she had a clear view of the events.

21. Upon information and belief, Defendants Glass and Hampton were aware of the danger Plaintiff Harris faced, but did not protect him because of the power of the "Heartless Felons" gang at Marion Juvenile Correctional Facility, and Unit 5B in particular.

22. Almost immediately upon entering the group room, Plaintiff Harris was attacked and severely beaten by a group of youth associated with the "Heartless Felons" prison gang.

23. At approximately 7:26pm, Plaintiff Harris stumbled out of the group room, walked a few steps into the main unit area, and collapsed on the floor.

24. After Plaintiff Harris left the group room, the youths who had attacked him left the group room, some with towels or hoods on their heads to conceal their identities from the cameras.

25. When Plaintiff Harris collapsed on the unit floor, two youth carried him to room that had been opened by Defendant Glass shortly before the assault at the request of a youth on the unit.

26. At approximately 7:35pm, Defendant Hampton returned to the unit with the Medline youth.

27. Nearly an hour later, at approximately 8:35pm, Defendants Glass and Hampton discovered Plaintiff Harris after a youth reported that he was being beaten by another youth. By this time, Plaintiff Harris had suffered serious injuries, and he was unable to even explain what had happened to him.

28. Defendants Glass and Hampton called for medical assistance by radioing a "Signal 14" or "Signal 3."

29. Plaintiff Harris was examined by clinic staff, who transported him to the emergency room of a local hospital and soon thereafter life-flighted to Ohio State University Hospital.

30. Plaintiff Harris suffered serious physical and psychological injuries, some of which continue to require medical treatment.

### COUNT ONE

31. By demonstrating deliberate indifference to a substantial risk of serious harm to Plaintiff Harris, Defendants Glass and Hampton deprived Plaintiff Harris of his right to be free from bodily harm under the Eighth and Fourteenth Amendments to the United States Constitution.

### COUNT TWO

32. By failing to implement policies and procedures to protect youth inmates from assaults, and by failing to train employees to protect youth inmates from assaults, Defendants Stickrath, Warye, VanDine, Lane, and Shaw deprived Plaintiff Harris of his right to be free from bodily harm under the Eighth and Fourteenth Amendments to the United States Constitution.

### COUNT THREE

33. By failing to protect Plaintiff Harris from an impending assault, all defendants deprived Plaintiff Harris of his right to be free of bodily harm under Article 1, § 9 of the Ohio Constitution.

### COUNT FOUR

34. All defendants negligently caused harm to Plaintiff Harris, contrary to the laws of the State of Ohio.

**WHEREFORE**, Plaintiff Harris demands judgment from each of the defendants and from all of them as follows:

a.    a declaration that:

    1)     the injuries to Plaintiff Harris were in violation of his rights under the United States Constitution and Ohio law;

    2)     the training of Marion Juvenile Correctional Facility staff has been inadequate;

    3)     the policies and procedures of the Ohio Department of Youth Services are inadequate to protect youth from impending assaults;

b.     an injunction requiring the development of policies, procedures, and training to remedy the inadequacies;

c.     compensatory damages in such amount as may be awarded at trial;

d.     punitive damages sufficient to express the outrage and indignation of the community toward the conduct of the defendants;

e.     an award of costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

f.     such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Harris hereby demands a trial by jury.

Respectfully Submitted,

s/ Kristen Henry
Kristen Henry (0082382)
Equal Justice Foundation
88 East Broad Street, Suite 1590
Columbus, Ohio 43215
Tel: 614-221-9800
Fax: 614-221-9810
khenry@equaljusticefoundation.com
*Trial Attorney for Plaintiff*